**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 28 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-10514 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00322-DAD-BAM-1 |
| v. | |
| KENNETH WILLIAM KIRKLAND, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted July 10, 2018
Pasadena, California

Before:  FISHER,[**] WATFORD, and FRIEDLAND, Circuit Judges.

    **1.**  The district court properly denied Kirkland's motion to suppress evidence

obtained pursuant to a warrant authorizing the search of his home in connection

with a burglary.  Whether or not the warrant was supported by probable cause, the

good faith reliance exception to the exclusionary rule applies because the search

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

warrant affidavit established "at least a colorable argument for probable cause." *United States v. Luong*, 470 F.3d 898, 903 (9th Cir. 2006). Kirkland's thumb print was identified on a beer can seized in the kitchen of the burglarized home. Although it is possible that the thumb print was impressed before the beer can was inside the house, the circumstances surrounding the can—its discovery alongside fresh food and candles, along with a neighbor's report of having observed individuals talking inside the house by candlelight the night before the can was seized—reasonably suggested that the can had recently been handled inside the house. The passage of a month between the burglary and the search did not render unreasonable the inference that the stolen items might still be in the possession of the burglar. *See United States v. Jackson*, 756 F.2d 703, 705 (9th Cir. 1985). Nor did the report of multiple individuals inside the burglarized home preclude probable cause to believe the stolen items might be found in Kirkland's home, especially given that a white truck was observed at both locations.

**2.** The district court did not err in admitting the dual role testimony of a bomb squad officer because sufficient measures were taken to avoid juror confusion. The court issued a jury instruction addressing dual role testimony. The prosecutor prefaced her questions in such a way that it was reasonably apparent when she was eliciting expert testimony, and she laid an adequate foundation for

the officer's expert opinions. Finally, Kirkland had notice of the dual role testimony and was afforded a full opportunity for cross-examination.

**3.** The district court did not err in permitting an officer to explain why he did not record his interview with Kirkland. The suggestion of a possible connection to terrorism may have carried a risk of unfair prejudice, but that risk did not substantially outweigh the testimony's relevance. *See* Fed. R. Evid. 403. Because the jury had recently been shown recorded excerpts from another officer's interview with Kirkland, the testimony was relevant to the officer's credibility and to avoid the appearance that the government was concealing evidence. The risk of prejudice was mitigated when the defense made clear on cross-examination and in its closing argument that Kirkland was not associated with any terrorist group.

**AFFIRMED.**